[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes to this court on a foreclosure of tax liens. The amended complaint is dated November 23, 1993. All of the special defenses of the defendant had been stricken previously by Judge Hickey so that the case came to this court on a denial of certain allegations and admissions of others.
In addition, there was a request for a continuance before the presiding civil judge, Judge Lewis, and that motion had been denied. The case went to trial before this court. Attorney Blake assisted Mr. Daddona who chose to try the case himself. This court ordered that Mr. Blake be there to assist in evidential problems.
After the trial was concluded, the oral motion of Mr. Blake to withdraw was granted and the defendant was advised in open court of this ruling and the consequences thereof including the fact that an appeal must be taken in 20 days from the date of this decision.
The amended complaint was marked with the answers, since there was no amended answer on file. Most of the allegations of the amended complaint were admitted. The complaint consisted of 43 paragraphs. One of the primary disputes in this case was the relief sought. Paragraphs four through eighteen originally admitted that the tax was assessed but denied that it was properly assessed. At the time of trial that objection was withdrawn. The remaining paragraphs were admitted except four paragraphs, 36, 37, 38 and 42. The court finds that the plaintiff has sustained his burden of proof on the issues in dispute. The court further notes that the property interest set forth in paragraph 42 was on the land record but that action has been withdrawn by the city. The court finds it of no force and effect; and, accordingly, no law date is ordered for the City of Stamford on that lis pendens.
Another one of the primary issues in dispute in this case was the valuation of the property.
The court in rendering its decision has listened to the CT Page 7731 witnesses, listened to the arguments of the attorneys and Mr. Daddona and has reviewed all of the exhibits. The court makes the following findings of fact:
1. The tax liens were appropriately established through the exhibits presented.
2. The real estate taxes were established through Exhibit V and the 16 attachments thereto.
3. Exhibit W presented a summary of the tax collector's bills and showed that there is presently due and owing, $46,442.02 which represents the taxes due, delinquent interest and lien fees.
4. The court finds that the ingredients of the $46,442.02 was $21,418.87, interest of $24,717.65, and lien fees of $305.50. The court finds that the interest at 18% is interest as provided by law.
5. The court further finds that the fair market value of the premises based on the testimony of the appraiser is $360,000.00.
6. The defendant Paul Daddona testified. Although he argued the value of the property, he did not testify under oath as to what his opinion was of the value of the property. The court finds that this is a difficult piece of property to evaluate, and although excellent questioning was done by Mr. Daddona, the court was left with the impression that the property certainly could be worth more than this valuation under proper circumstances, and it could also be worth less at distress sale. The court finds that the best evidence as the value was the testimony of the expert witness who presented a comprehensive report as Exhibit Y and Exhibit X and the court has made the finding that the present value of the property is $360,000.00.
7. The court further finds that the bill of cost presented dated July 26, by the plaintiff is fair and reasonable and orders costs of $2,207.11 to be awarded to the plaintiff.
8. The court finds that the affidavit in support of attorney's fees was agreed to as being fair and reasonable, and the court finds that the attorney's fees of $9,378.88 as provided for therein are fair and reasonable and ordered paid.
9. The court further heard that there was additional CT Page 7732 attorney's fees of $1,690.00 consisting of 7 hours at $210.00 per hour for attorney Castiglioni and 2 hours at $110.00 for the associate attorney Cicchiello and accordingly, the court orders that as additional attorney's fees.
10. The court has ordered a foreclosure by sale since it appears that including the amount due the city, there is about $250,000.00 of liens. There is substantial equity in the property. In addition, the city did not object and the plaintiff requested foreclosure by sale.
The court makes the following orders:
1. A foreclosure of the certificates of lien on the property.
2. A foreclosure of the inchoate lien on the list of October 1, 1992 pursuant § 12-163 of the Connecticut General Statutes.
3. A judgment of foreclosure by sale.
4. Costs and reasonable attorney's fees as found in this decision are ordered to be paid.
5. Interest is due on said amounts pursuant to statute.
6. The court sets a sale date of September 23, 1995.
The committee shall be attorney Howard Graber of Stamford, Connecticut.
7. No expenses to be incurred by the committee until March 15, 1995.
8. The sale shall be at noon on the premises or where ever else convenient to the committee.
9. Inspection to be at 10:00 a.m. on the day of the sale.
10. The appraisers to be Gerald J. Kiley, Jr. and the next appraiser on the court list and return of appraisers by April 15, 1995.
11. A sign on the premises on or after May 30, 1995.
12. Committee to obtain necessary insurance for the day of CT Page 7733 sale.
13. Advertising to be in the Greenwich Time and Stamford Advocate on the three Fridays preceding the sale.
14. Deposit to be 10% cash, bank or certified check. Deposit is forfeited if not closed within 30 days of the court approval of the sale. The plaintiff is excused from posting a deposit. Sale subject to any and all liens choate or inchoate which are prior in right to the incumbrance being foreclosed and the right of the U.S.A. to redeem pursuant to the provisions of Title 28 Section 2410 of the United States Code.
15. This court or any judge thereof, retains jurisdiction over this matter to oversee the sale and the execution of its orders.
The court is mindful of the fact that the defendant's have not paid their taxes in a substantial period of time, nor have they made any partial payment. The court is mindful of the fact that by giving this time for sale, that bona fide efforts should be made by the defendants to sell the property in advance.
The court notes that the best way for the defendants to protect themselves against a sale is to pay the debt to the city and then sell the property at their leisure.
KARAZIN, J.